FILED - USDC -NH
2024 FEB 26 PM8:19

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 1:24-cr-19-PB-TSM-01** |
| | ) | |
| **MARC JACQUES** | ) | |

---

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United
States of America by its attorney, Jane E. Young, United States Attorney for the District of New
Hampshire, and the defendant, Marc Jacques, and the defendant's attorney, Neil Faigel, Esquire,
enter into the following Plea Agreement:

1. <u>The Plea and The Offense.</u>

The defendant agrees to waive his right to have this matter presented to a grand jury and
plead guilty to an Information charging him with distribution of child pornography, in violation
of 18 U.S.C. § 2252A(a)(2).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing
stipulations identified in Section 6 of this agreement.

2. <u>The Statute and Elements of the Offense.</u>

Title 18, United States Code, Section 2252A(a)(2), states, in pertinent part, that:

> Any person who . . . knowingly receives or distributes. . . any child pornography using
> any means or facility of interstate or foreign commerce or that has been mailed, or has
> been shipped or transported in or affecting interstate or foreign commerce by any
> means, including by computer; . . . shall be punished as provided in subsection (b).

The defendant understands that the offense has the following elements, each of which the
United States would be required to prove beyond a reasonable doubt at trial:

- 1 -

First, that the defendant knowingly distributed any child pornography;

Second, that the defendant distributed the child pornography using any means or facility of interstate or foreign commerce.

Note:   adapted from *First Circuit Pattern Jury Instruction* 4.18.2252 (2019).

3. Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offense beyond a reasonable doubt:

In February 2022, authorities began investigating a number of CyberTips reported to the National Center for Missing and Exploited Children (NCMEC) by MediaLab/Kik.   Kik reported that between November 24, 2021 and December 6, 2021, a Kik user with the username "wayne9985" uploaded 49 files to other Kik users via private chat messages that appeared to depict child sexual abuse material (CSAM).   Jacques was eventually identified as the user of the target Kik account based on the subscriber information obtained for the IP addresses associated with some of the uploads, including the IP address at Jacques' residence in Newbury and the residence of his girlfriend in Hopkinton.   Further investigation revealed that Jacques' residential IP address was reported in more than 40 previous CyberTips reported by Reddit, Google, Tumblr, and sendvid between 2018 and 2022.   A search warrant on Jacques' Kik account reflected that he disseminated at least 26 files of CSAM via private Kik message on various dates in November and December 2021.

Based on this and other information gathered during the investigation, a search warrant was obtained for Jacques' residence, vehicle, and person, which was executed on June 7, 2022.

- 2 -

Jacques was encountered in his vehicle and agreed to a voluntary interview with agents. During the interview, Jacques made numerous admissions, including that he was the user of the target Kik account. He acknowledged using his cell phone and laptop to view, save, and share CSAM.

Numerous electronic devices were seized pursuant to the search warrant. A forensic examination of these devices revealed the following:

- HP pavilion laptop: 162 files (14 images, 148 videos) of CSAM, including files depicting previously identified victims.

- HP pavilion all-in-one computer: 1 image, 5 videos of CSAM

- iPhone 8: 60 files (18 images, 42 videos) of CSAM saved in photos section of phone; chats between Jacques and others related to child exploitation and the sharing of CSAM; chat conversation with another user wherein Jacques sends at least two videos of CSAM on December 10, 2021. One such video, one minute and thirty-one seconds in length, depicts a female child performing oral sex on an adult male; later in the video, the child exposes her chest and vaginal area.

4. Penalties, Special Assessment and Restitution.

A.   A term of imprisonment of not less than 5 and not more than 20 years (18 U.S.C. § 2252A(b)(1));

B.   A maximum fine of $250,000 (18 U.S.C. § 3571);

C.   A term of supervised release of not less than 5 years and up to life (18 U.S.C. § 3583(k)). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release;

D.   A mandatory special assessment of $100 due at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A));

E.      An additional mandatory assessment of $5,000 (18 U.S.C. § 3014(a));

F.      For distribution of child pornography, an additional assessment of not more than $35,000 (18 U.S.C. 2259A(a)(2) & (3).

G.      In addition to the other penalties provided by law, the Court shall order the defendant to pay restitution to the victim(s) of the offense (18 U.S.C. § 2259).

                To facilitate the payment and collection of any restitution that may be ordered, the defendant agrees that, upon request, he will provide the United States with a financial disclosure statement and supporting financial documentation.

                The defendant further agrees that, if restitution is ordered, it shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full, including, but not limited to, the Treasury Offset Program.

5.   <u>Sentencing and Application of the Sentencing Guidelines</u>.

      The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that he has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or his sentence is other than he anticipated.

      The defendant also understands that the United States and the United States Probation Office shall:

A.      Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B.      Respond to questions from the Court;

C.      Correct any inaccuracies in the pre-sentence report;

D.      Respond to any statements made by him or his counsel to a probation officer or to the Court.

- 4 -

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

6. Sentencing Stipulations and Agreements.

Pursuant to Fed. R. Crim. 11(c)(1)(B), the United States and the defendant stipulate and agree to the following:

(a) The United States will recommend that the defendant be sentenced at the bottom of the applicable advisory sentencing guidelines range as determined by the Court;

(b) The United States will recommend that the Court apply a 2-level downward variance to offset the "use of computer" enhancement at USSG §2G2.2(b)(6); and

(c) Pursuant to 18 U.S.C. § 3663(a)(3), the parties agree that the Court may consider all relevant conduct for purposes of determining who is a victim entitled to restitution in this case and that victims of dismissed and/or uncharged counts shall be entitled to restitution.

The defendant understands that the Court is not bound by the foregoing agreements and, with the aid of a pre-sentence report, the Court will determine the facts relevant to sentencing. The defendant also understands that if the Court does not accept any or all of those agreements,

- 5 -

such rejection by the Court will not be a basis for the defendant to withdraw his guilty plea.

The defendant understands and agrees that the United States may argue that other sentencing enhancements should be applied in determining the advisory guideline range in this case, and he is permitted to object to them.

The United States and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7.  Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A.   Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

B.   Challenges the United States' offer of proof at any time after the plea is entered;

C.   Denies involvement in the offense;

D.   Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E.   Fails to give complete and accurate information about his financial status to the Probation Office;

- 6 -

F.      Obstructs or attempts to obstruct justice, prior to sentencing;

G.      Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H.      Fails to appear in court as required;

I.      After signing this Plea Agreement, engages in additional criminal conduct; or

J.      Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8.   <u>Waiver of Trial Rights and Consequences of Plea</u>.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.   The defendant also understands that he has the right:

A.     To plead not guilty or to maintain that plea if it has already been made;

B.     To be tried by a jury and, at that trial, to the assistance of counsel;

C.     To confront and cross-examine witnesses;

D.     Not to be compelled to provide testimony that may incriminate him; and

E.     To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9.   Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that he:

A.     Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

B.     Is entering into this Plea Agreement without reliance upon any promise or benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

C.     Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D.     Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

E.     Is completely satisfied with the representation and advice received from his undersigned attorney.

10.  Scope of Agreement.

- 8 -

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from his guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11.   Collateral Consequences.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible. The defendant also understands that if he is a naturalized citizen, his guilty plea may result in ending his naturalization, which would likely subject him to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration

- 9 -

consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

The defendant further understands that by pleading guilty, the defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following supervision.

12.   Satisfaction of Federal Criminal Liability; Breach.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the Information in this case.

The defendant understands and agrees that, if after entering this Agreement, he fails specifically to perform or fulfill completely each one of his obligations under this Agreement,

- 10 -

fails to appear for sentencing, or engages in any criminal activity prior to sentencing, he will have breached this Agreement.

If the United States, in its sole discretion, and acting in good faith, determines that the defendant committed or attempted to commit any further crimes, failed to appear for sentencing, or has otherwise violated any provision of this Agreement, the United States will be released from its obligations under this Agreement, including, but not limited to, any agreement it made to dismiss charges, forbear prosecution of other crimes, or recommend a specific sentence or a sentence within a specified range. The defendant also understands that he may not use his breach of this Agreement as a reason to withdraw his guilty plea or as a basis to be released from his guilty plea.

13. Forfeiture

The defendant agrees to immediately and voluntarily forfeit to the United States his interest, if any, in any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a) as a result of his guilty plea, including, but not limited to, the following: one HP Pavilion laptop; one HP Pavilion all-in-one computer; one Apple iPhone 8; one 32 GB USB drive; one 16 GB USB drive ("Forfeitable Property").

The defendant further agrees:

A. Not to contest any administrative, civil or criminal forfeiture proceedings commenced against the Forfeitable Property. Defendant shall withdraw any and all claims and/or petitions for remission for all or part of the Forfeitable Property filed on behalf of himself or any other individual or entity, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property;

- 11 -

B.   That none of the forfeitures set forth in this section shall be deemed to satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon the defendant, nor shall the forfeitures be used to offset the defendant's tax liability or any other debt owed by the defendant to the United States;

C.   To waive all constitutional, statutory, and any other challenges in any manner, including, without limitation, by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including the following: (i) the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S. Constitution; (ii) the Court's failure to comply with any and all requirements of Fed. R. Crim. P. 11(b)(1)(J) at the change of plea hearing; and, (iii) failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case;

D.   To waive and release any and all claims he may have to any property seized by the United States, or any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, whether forfeited or not; and

E.   To hold the United States, its agents, and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case, harmless from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure, detention and return of any property in connection with the investigation and prosecution of this case.

- 12 -

The defendant acknowledges that the properties to be forfeited under this section are subject to forfeiture as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the illegal conduct.

14. Waivers.

A. Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1. His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B. Collateral Review.

The defendant understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255.  By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1. His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions

- 13 -

or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

`Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

15. <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

- 14 -

16.  Final Binding Agreement.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

17.    Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

JANE E. YOUNG
United States Attorney

Date: _2/26/2024_

By: _____
Kasey A. Weiland
Assistant United States Attorney
Bar Association #82785
53 Pleasant St., 4th Floor
Concord, NH 03301
Kasey.weiland2@usdoj.gov

The defendant, Marc Jacques, certifies that he has read this 15-page Plea Agreement and that he fully understands and accepts its terms.

Date: _6 February 2024_

_____
Marc Jacques, Defendant

I have read and explained this 15-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: _February 20, 2024_

_____
Neil Faigel, Esquire
Attorney for Marc Jacques

- 15 -